**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **MARLO DICKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 2:20-cv-2814-SHM-tmp** |
| ) | |
| **NPSG GLOBAL, LLC, AMAZON.COM** ) | |
| **SERVICES, LLC, and TRUEBLUE,** ) | |
| **INC. dba "PEOPLE READY,"** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS**

Marlo Dickson ("Plaintiff") brings this action against NPSG Global, LLC ("NPSG"), Amazon.com Services, LLC ("Amazon"), and TrueBlue, Inc. ("TrueBlue") (collectively, "Defendants") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the Tennessee Human Rights Act, T.C.A. §§ 4-21-101, et seq. (the "THRA"). Before the Court are three motions. The first is Amazon's Motion to Dismiss for Failure to State a Claim. (D.E. No. 15.) The second is TrueBlue's Partial Motion to Dismiss for Failure to State a Claim. (D.E. No. 25.) The third is Plaintiff's Motion to Amend her Complaint. (D.E. No. 31.) The motions are ripe for consideration. (D.E. Nos. 15, 25, 31-32.) The Motion to Amend

is **GRANTED.**   Amazon's Motion to Dismiss is **DENIED AS MOOT.**
TrueBlue's Partial Motion to Dismiss is **DENIED AS MOOT.**

## I.   Background

Unless otherwise noted, the facts are taken from the
Complaint. (D.E. No. 1.)  In April 2018, Plaintiff was hired by
TrueBlue to work for NPSG in Amazon facilities on a traveling
basis.  (Id. at ¶ 10.)  Plaintiff's first assignment was in
Michigan. In September 2018, she was reassigned to an Amazon
facility in Memphis, Tennessee.  (Id. at ¶¶ 10-11.)  While
working at the Memphis Amazon facility, Plaintiff began receiving
threats and unwanted sexual remarks and advances from Stacey
Holliday ("Holliday"), who worked at the same facility. (Id. at
¶¶ 12, 16-20.)  Plaintiff complained to her supervisors, NPSG
employees Shawn Salimeno ("Salimeno") and Anthony King. (Id. at
¶¶ 21, 23.)  The unwanted contact with Holliday continued after
Plaintiff's reports, prompting Plaintiff to report the contact
again by a handwritten letter to Salimeno.  (Id. at ¶¶ 24-25.)

Salimeno attempted to bring Plaintiff and Holliday together
to discuss the unwanted contact, but Plaintiff refused because
she felt unsafe.  (Id. at ¶¶ 26-27.)  Plaintiff intended to call
9-1-1, but Salimeno suggested Plaintiff talk with NPSG's Regional
Manager Shane Wixon ("Wixon") instead.  (Id. at ¶¶ 29-30.)
Plaintiff agreed but was dissatisfied with her conversation with
Wixon.  (Id. at ¶ 32.)

2

An NPSG Human Resources Manager had Salimeno place Holliday on "Do No Return" ("DNR") status. (Id. at ¶¶ 33, 36.) Because Holliday was to be placed on DNR status, Plaintiff chose to return to work. (Id. at ¶ 34.) Salimeno notified Holliday of the decision to place her on DNR status. (Id. at ¶ 36.) Immediately after receiving that notice, Holliday ran toward Plaintiff. (Id.) Security personnel onsite saw Holliday running toward Plaintiff and instructed Plaintiff to run away. (Id. at ¶¶ 38-39.) Holliday caught up to Plaintiff, grabbed her, and punched her in the face and head multiple times. (Id. at ¶ 40.) Plaintiff passed out and was transferred to a hospital by Salimeno when Plaintiff regained consciousness. (Id. at ¶¶ 41-42.) Plaintiff reported the incident on Amazon's complaint telephone line. (Id. at ¶ 44.) The incident was also reported to Bob Steiger, an Amazon supervisor at the Memphis facility. (Id. at ¶ 45.) Defendants arranged for Plaintiff to seek treatment and to return to Michigan. (Id. at ¶ 46.)

Plaintiff was instead relocated to an Amazon facility in New York, where she lost consciousness during work. (Id. at ¶¶ 47-48.) Other people working in that facility transported Plaintiff to the hospital while she was unconscious. (Id. at ¶ 49.) Plaintiff's treating physician at the New York hospital diagnosed her with a Traumatic Brain Injury and recommended that she not return to work. (Id. at ¶ 50.) Plaintiff continues to

suffer from her injuries and requires care from a psychologist and a neurologist.  (Id. at ¶ 51.)  Defendants terminated Plaintiff and refuse to allow her to return to work.  (Id. at ¶ 52.)

As shown in an exhibit submitted by TrueBlue, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging Title VII and THRA violations on February 28, 2019.  (D.E. No. 25-2.)

On November 11, 2020, Plaintiff filed suit against TrueBlue, Amazon, and NPSG.  (D.E. No. 1.)  In her Complaint, Plaintiff alleges discrimination on the basis of sex, harassment on the basis of sex, retaliation on the basis of sex, discrimination on the basis of race, harassment on the basis of race, and retaliation on the basis of race, all in violation of Title VII. (Id. at ¶¶ 55-131.)  Plaintiff alleges retaliation on the basis of sex in violation of the THRA.  (Id. at ¶¶ 132-145.)

On February 2, 2021, Amazon filed a Motion to Dismiss the Complaint.  (D.E. No. 15.)  Amazon argues that the Complaint should be dismissed because Plaintiff has failed to sufficiently plead that Amazon was her employer, an essential element of her claims.

On March 1, 2021, TrueBlue moved to dismiss counts III, IV, V, VI, and VII of the Complaint with prejudice.  (D.E. No. 25.) TrueBlue argues that Plaintiff's race discrimination, race

harassment, race retaliation, and sex retaliation claims under Title VII should be dismissed for failure to exhaust her administrative remedies. (D.E. No. 25-1, at 85-86, 88-90.) TrueBlue argues that Plaintiff's race discrimination and race harassment claims should be dismissed for failure to plead sufficient facts. (Id. at 86-87.) TrueBlue argues that Plaintiff's THRA sex retaliation claim should be dismissed because the statute of limitations has run. (Id. at 90-91.)

On March 18, 2021, Plaintiff filed a Corrected Motion to Amend her Complaint with an accompanying Brief and a proposed amended complaint attached as an exhibit. (D.E. No. 31.) Plaintiff requests permission to amend to plead additional facts and assert alternative theories of liability against TrueBlue and Amazon. (Id. at 166-168.)

On March 30, 2021, TrueBlue filed a Response in Opposition to Plaintiff's Motion to Amend. (D.E. No. 32.) TrueBlue argues that amendment would be futile, delay the litigation, and prejudice TrueBlue. (Id. at 191-195.)

## II. Jurisdiction

Plaintiff's Title VII claims are federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331.

Plaintiff's THRA claim is one of state law. Where a state law claim shares a "common nucleus of operative fact" so as to "form part of the same case or controversy" as the federal law

claim, a federal court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367. Kubala v. Smith, 984 F.3d 1132, 1137 (6th Cir. 2021) (citations omitted). "Where [courts] ha[ve] found a common nucleus of operative fact, the factual connection between the state and federal claims most often involve the same incident." Id. The Court has supplemental jurisdiction over Plaintiff's THRA claim because it arises from the same incident as, and shares a common nucleus of operative fact with, the Title VII claims.

## III. Standard of Review

### A.   Rule 15(a)(2)

"The [C]ourt should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). The U.S. Supreme Court has emphasized that a plaintiff "ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be 'freely given.'" Id.

To deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986). An amendment

is prejudicial where it "require[s] the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay[s] the resolution of the dispute." See Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994). A motion to amend will also be denied when the amendment is considered futile, that is "when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun Cty., 408 F.3d 803, 817 (6th Cir. 2005) (citing Neighborhood Dev. Corp. v. Advisory Council on Historical Pres., 632 F.2d 21, 23 (6th Cir. 1980)).

**B.   Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cty., 814 F.2d 277, 279 (6th Cir. 1987)). If a plaintiff fails to plead a cognizable claim from the outset of the litigation, a motion to dismiss permits a court to dismiss the case as meritless to prevent wasting judicial resources or conducting unnecessary discovery. See Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> A complaint need not contain detailed factual allegations; however, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

In a Title VII action, a plaintiff is not required to establish a prima facie case of discrimination to survive a motion to dismiss. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 515 (2002). Title VII actions apply the <u>Twombly</u> and <u>Iqbal</u> "plausibility" standard, but "[i]f a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." <u>Keys v. Humana, Inc.</u>, 684 F.3d 605, 610 (6th Cir. 2012) (confirming that <u>Twombly</u> and <u>Iqbal</u> did not abrogate <u>Swierkiewicz</u>).

## IV. Analysis

Plaintiff moves to amend her Complaint to allege additional facts and assert alternative theories of liability against

TrueBlue and Amazon.  Defendant Amazon argues that Plaintiff's original Complaint should be dismissed because it fails to allege sufficient facts to state a claim upon which relief can be granted.  Defendant TrueBlue argues that Counts III, IV, V, VI, and VII of Plaintiff's original Complaint should be dismissed for failure to allege sufficient facts, failure to exhaust administrative remedies, and failure to file suit within the applicable statutes of limitations.

### A.   Plaintiff's Motion to Amend

Plaintiff moves to amend her Complaint to (1) add factual allegations to establish Defendant Amazon as her employer during the relevant time periods and (2) plead alternative theories of liability against Defendants TrueBlue and Amazon.  Only TrueBlue opposes the Motion to Amend, arguing that it should be denied because amendment would be futile and would prejudice TrueBlue and cause undue delay.

#### 1.   Prejudice and Delay

TrueBlue argues it would be prejudiced by amendment because of undue delay.  (D.E. No. 32, at 190-91, 194-95.)  Undue delay alone, without significant prejudice to a defendant, is an insufficient reason to deny a motion to amend.  Moore, 790 F.2d at 562 (holding it was an abuse of discretion to deny amendment because of undue delay where there was only "relatively light prejudice" to defendant); see Wade v. Knoxville Utilities Bd.,

259 F.3d 452, 459 (6th Cir. 2001) ("[D]elay alone was not sufficient reason to deny the amendment . . . .").

TrueBlue argues that any amendment would require it to spend additional time reviewing the amendment and preparing a response. (D.E. No. 32, at 194-195.)  That is not undue prejudice or delay that warrants denial of a motion amend.  See, e.g., Phelps, 30 F.3d at 662-63 (listing possible ways undue prejudice can be established to include, among others, when the opponent must expend significant additional resources to conduct discovery and prepare for trial or when amendment would significantly delay resolution of the case).  TrueBlue has failed to show, nor can the Court identify, any ascertainable prejudice to TrueBlue or any undue delay from allowing Plaintiff to amend.

### 2.  Futility

TrueBlue argues that amendment would be futile because Plaintiff's amended complaint would fail to withstand TrueBlue's arguments in the Partial Motion to Dismiss.  (D.E. No. 32, at 192.)  Plaintiff brings claims under Title VII and the THRA. (D.E. Nos. 1, 31-1.)  TrueBlue argues that Plaintiff has failed to exhaust her administrative remedies before the EEOC and that Counts III, IV, V, VI, and VII are time-barred under their respective statutes.  (D.E. No. 32, at 192).

In considering a motion to dismiss, a court draws all inferences and resolves all ambiguities in favor of the

10

Plaintiff.  Rembisz v. Lew, 590 F. App'x 501, 504 (6th Cir. 2014); Lutz v. Chesapeake Appalachia, L.L.C., 717 F.3d 459, 464 (6th Cir. 2013).  The party defending against a motion to dismiss does not have to raise a "triable issue of fact on an affirmative defense."  Rembisz, 590 F. App'x at 504.  "[B]oth statute of limitations and exhaustion of administrative remedies are affirmative defenses, on which a defendant bears the ultimate burden of proof."  Id. at 503 (citing Surles v. Andison, 678 F.3d 452, 458 (6th Cir. 2012)).

In Rembisz, the plaintiff filed suit alleging Title VII employment discrimination, and the defendant moved to dismiss because the complaint was not timely filed under 42 U.S.C. § 2000e-16(c).  Id. at 502.  On appeal, the Sixth Circuit held that the trial court incorrectly relied on the defendant's assertions in the motion to dismiss and reversed the dismissal of the complaint.  Id. at 504.

The court reasoned that the trial court should have "accept[ed] the well-pleaded allegations of [the] complaint as true," and any facts raised by the defendant as an affirmative defense, such as facts to establish the expiration of a statute of limitations or a failure to exhaust administrative remedies, were not to be considered in ruling on a motion to dismiss.  Id. at 504.  A motion to dismiss can be granted based on a statute of limitations or exhaustion issue only "if a plaintiff

affirmatively pleads himself out of court." <u>Id.</u> at 503-504; <u>see also</u> <u>Lutz</u>, 717 F.3d at 464.

Here, Plaintiff has not affirmatively shown in her Complaint or her proposed amended complaint that any of her claims are time-barred or that she has failed to exhaust her administrative remedies. (D.E. Nos. 1, 31-1.) Plaintiff does not specifically allege that her Complaint contains facts beyond those reasonably connected with the facts and allegations in her EEOC Charge. Plaintiff does not specifically allege when she filed her EEOC charge. Plaintiff does not specifically allege dates showing that the statute of limitations has run on her THRA claim. In fact, Plaintiff alleges in her proposed amended complaint that retaliation in the form of failure to rehire continues presently, suggesting the statute of limitations period has not yet begun to run. (D.E. No. 31-1 ¶ 143.)

TrueBlue's arguments are not well taken. Plaintiff has not affirmatively pled dates to show whether the statutes of limitations for her Title VII or THRA claims have run. Plaintiff has not affirmatively pled any facts about her administrative remedies. Plaintiff is not required to raise a triable issue on TrueBlue's affirmative defenses at this stage. <u>See</u> <u>Rembisz</u>, 590 F. App'x at 504. TrueBlue's arguments require drawing inferences against Plaintiff, but in considering TrueBlue's motion, all inferences must be drawn in Plaintiff's favor. <u>See</u> <u>id.</u>

Plaintiff has not "affirmatively pled [her]self out of court," and she is not required to overcome TrueBlue's affirmative defenses in her Complaint or her proposed amended complaint. Id. Plaintiff's amendment would not be futile.

The Motion to Amend is neither futile nor unduly prejudicial. Defendant's opposition is not well taken. Plaintiff's Motion to Amend is GRANTED.

**B.    Amazon's Motion to Dismiss**

Because the Motion to Amend is GRANTED, Amazon's Motion to Dismiss is DENIED AS MOOT.  The Motion to Dismiss refers to the original Complaint, which will no longer be operative once Plaintiff files her Amended Complaint to comply with this Order. See Clark v. Johnston, 413 F. App'x 804, 811 (6th Cir. 2011) ("When a pleading is amended pursuant to Federal Rule of Civil Procedure 15(a), the amended pleading supersedes the original pleading, i.e., the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading . . . .") (quotation omitted); see also Durbin v. AmeriCredit Financial Servs., Inc., 466 F. Supp. 3d 743, 746 n.3 (W.D. Ky. 2020) ("The filing of the First Amended Complaint rendered moot the many motions to dismiss the Complaint.").

**C.    TrueBlue's Partial Motion to Dismiss**

13

As noted, an amended pleading supersedes the original pleading and renders prior motions to dismiss the original pleading moot.  However, where "a defect raised in a motion to dismiss remains in an amended pleading, a court may consider the original motion as addressing the new pleading." Campinha-Bacote v. Hudson, 627 F. App'x 508, 510 (6th Cir. 2015) (citing 6 Charles Alan Wright, et al., Fed. Prac. and Proc. § 1476 (2d ed. 1990)).  Courts typically consider the original motion to dismiss where a plaintiff who has amended seeks a default on the ground that defendant has not responded to the amended complaint.  See, e.g., id.; Yates v. Applied Performance Techs., Inc., 205 F.R.D. 497, 499-500 (S.D. Ohio 2002); see also Sony/ATV Music Publ'g, LLC v. CAVS USA, Inc., No. 3:08-0265, 2009 WL 2177110, at *2 n.2 (M.D. Tenn. July 21, 2009); cf. Clark v. Hoops, LP, No. 07-2367 JPM-TMP, 2008 WL 11320001, at *1 n.1 (W.D. Tenn. July 1, 2008) (considering the motion to dismiss after amendment where the grounds for the motion to dismiss remained following the amendment).

Plaintiff's proposed amended complaint contains no defects to resolve at the motion to dismiss stage.  Amendment would not prejudice TrueBlue or unduly delay litigation.  Considering the statute of limitations and exhaustion issues, Plaintiff has not affirmatively pled herself out of court.  TrueBlue's Partial Motion to Dismiss is DENIED AS MOOT.

14

**V.    Conclusion**

The Motion to Amend is **GRANTED.**  Amazon's Motion to Dismiss is **DENIED AS MOOT.**  TrueBlue's Partial Motion to Dismiss is **DENIED AS MOOT.**  Plaintiff is DIRECTED to file her First Amended Complaint within fourteen (14) days of the entry of this Order.

SO ORDERED this 12th day of August, 2021.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE