```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

|   |   |   |
|---|---|---|
| MARLO DICKSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-2814-SHM-tmp |
| | ) | |
| NPSG GLOBAL, LLC, AMAZON.COM SERVICES, LLC, and TRUEBLUE, INC. dba "PEOPLE READY," | ) ) ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**

Marlo Dickson ("Plaintiff") brings this action against NPSG Global, LLC ("NPSG"), Amazon.com Services, LLC ("Amazon"), and TrueBlue, Inc. ("TrueBlue") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. and the Tennessee Human Rights Act, T.C.A. §§ 4-21-101, et seq. Before the Court is Amazon's Supplemental Motion to Dismiss. (D.E. No. 53.) Amazon's Supplemental Motion to Dismiss is **DENIED AS MOOT**.

I.  **Background**

On November 11, 2020, Plaintiff filed an Initial Complaint against TrueBlue, Amazon, and NPSG. (D.E. No. 1.) On February 2, 2021, Amazon moved to dismiss the Initial Complaint. (D.E. No.

15.) On March 1, 2021, TrueBlue moved to dismiss counts III, IV, V, VI, and VII of the Initial Complaint. (D.E. No. 25.)

On March 18, 2021, Plaintiff filed a Motion to Amend the Initial Complaint with an accompanying brief and a proposed amended complaint attached as an exhibit. (D.E. No. 31.) Plaintiff requested permission to amend to plead additional facts and assert alternative theories of liability against TrueBlue and Amazon. TrueBlue filed a Response in Opposition to Plaintiff's Motion to Amend. (D.E. No. 32.)

On August 12, 2021, the Court granted Plaintiff's Motion to Amend the Initial Complaint. (D.E. No. 51.) It directed Plaintiff to file an amended complaint within fourteen (14) days of the Order. The Court denied the two Motions to Dismiss as moot. Both Motions responded to the Initial Complaint. The Court anticipated that Plaintiff would file an amended complaint and that the amended complaint would become the operative complaint.

On September 1, 2021, Amazon filed a Supplemental Motion to Dismiss and an accompanying Memorandum of Law. (D.E. Nos. 53; 54.) Plaintiff had failed to file an amended complaint within the fourteen-day deadline set by the Court. Because the Initial Complaint remained the operative complaint, Amazon repeated the arguments made in its Initial Motion to Dismiss.

On September 29, 2021, Plaintiff filed a Response in Opposition to Defendant's Supplemental Motion to Dismiss (D.E.

No. 58), an Amended Complaint (D.E. No. 59), and a Motion for an Extension of Time (D.E. No. 60). In the Motion for an Extension of Time, Plaintiff explained that the failure to file an amended complaint within the fourteen-day deadline was due to scheduling error. The Motion sought permission to file the Amended Complaint. Plaintiff's Response in Opposition to Defendant's Supplemental Motion to Dismiss addressed the arguments raised in Defendant's Supplemental Motion to Dismiss, but relied on new factual allegations in the Amended Complaint.

On September 30, 2021, TrueBlue filed a Response to Plaintiff's Motion for an Extension of Time. (D.E. No. 61.) TrueBlue neither consented to nor opposed the Motion. Amazon did not respond to Plaintiff's Motion and did not reply to Plaintiff's Response. On October 4, 2021, the Court granted Plaintiff's Motion for an Extension of Time. (D.E. No. 62.)

## II. Analysis

The Amended Complaint, filed on September 29, 2021, now serves as the operative complaint. Because the Supplemental Motion to Dismiss does not address the operative complaint, it is **DENIED AS MOOT**. See Clark v. Johnston, 413 F. App'x 804, 811 (6th Cir. 2011) ("When a pleading is amended pursuant to Federal Rule of Civil Procedure 15(a), the amended pleading supersedes the original pleading, i.e., the original pleading no longer performs any function in the case and any subsequent motion made

3

by an opposing party should be directed at the amended pleading . . . .") (quotation omitted); see also Durbin v. AmeriCredit Financial Servs., Inc., 466 F. Supp. 3d 743, 746 n.3 (W.D. Ky. 2020) ("The filing of the First Amended Complaint rendered moot the many motions to dismiss the Complaint.").

### III. Conclusion

Amazon's Supplemental Motion to Dismiss is **DENIED AS MOOT**.

SO ORDERED this 15th day of March, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE